IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SURETEC INSURANCE COMPANY,

    Plaintiff,                     No. CV 11-2813 KJM-DAD

  vs.

BRC CONSTRUCTION, INC., *et al.*,

                              ORDER

    Defendants.

_____/

I.   <u>INTRODUCTION</u>

        On October 24, 2011, plaintiff SureTec Insurance Company ("SureTec") initiated this action by filing a complaint against defendant BRC Construction, Inc. ("BRC") and defendant Barry Dean Patrick ("Patrick"). (ECF 1.) The complaint alleges claims for breach of contract, quia timet, specific performance and declaratory relief.

        On February 21, 2012, SureTec filed an Application for an Order for Publication of Summons and an Application for an Order to Extend Deadline to Complete Service on Patrick. (ECF 10 and 11.)

II.   <u>ANALYSIS</u>

        An individual may be served by "[1] delivering a copy of the summons and of the complaint to the individual personally; [2] leaving a copy of each at the individual's dwelling or

1

usual place of abode with someone of suitable age and discretion who resides there; or [3] delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2).  Service may also be accomplished by "following state law for serving a summons in an action." FED. R. CIV. P. 4(e)(1).  In California, service of process on an individual by publication is permitted in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that...
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

CAL. CODE CIV. PROC. § 415.50(a).

SureTec's complaint establishes Patrick is a necessary party because he was a whole or partial owner of BRC and agreed to be added as an indemnitor for all present and future bonds issued by SureTec. (ECF 1 at 4.)  The question, then, is whether Patrick cannot with reasonable diligence be served by other means.

Due process of law generally requires "notice, reasonably calculated, under all the circumstances, to appraise interested parties of pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (quotations and citations omitted).  "Reasonable diligence" in attempting to locate a party to be served

> denotes a thorough, systematic investigation and inquiry in good faith by the party... a number of honest attempts to learn a defendant's whereabouts or his address by inquiry of relatives, friends and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and

> personal property index... near the defendant's last known address, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication.

*Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137 (1996) (quotations and citations omitted). While a plaintiff must make reasonably diligent efforts to locate a defendant, "extraordinary efforts to discover the identity and whereabouts" of a defendant are not required. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983). "Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane*, 339 U.S. at 317.

SureTec has conducted an investigation that includes questioning former employees of BRC, conducting a fee-based records search and researching social media. SureTec was informed by former BRC employees that Patrick moved to Alabama. Subsequently, SureTec located a person with Patrick's name in Alabama and attempted service on him at both his home and work addresses. Both attempts at personal service led to dead ends. The current occupant living at the purported residential address told the process server that Barry Patrick Dean [sic] had moved out two months earlier with no forwarding address; and the purported work address was a residential address. (*See* ECF 10-1 at p. 3 and Exs. 1-2.)

III. CONCLUSION

SureTec has demonstrated that it has taken reasonable steps to locate and effect service on Patrick. Accordingly, the court GRANTS SureTec's Applications for an Order for Publication of Summons and for an Order to Extend Deadline to Complete Service. (ECF 10 and 11.)

SureTec is directed to serve Patrick by publication in the following three newspapers: The Sacramento Bee, Alabama Messenger and The Daily Home. *See* CAL. CODE CIV. PROC. § 415.50(b). SureTec is further directed to mail a copy of the summons, the

complaint, and the order for publication if Patrick's address is ascertained within the next sixty (60) days. *Id*. SureTec shall comply with California Government Code section 6064, which provides that the publication in the newspapers must occur once a week for four successive weeks. SureTec shall have sixty (60) days from the date of this order in which to effect service by publication.

        IT IS SO ORDERED.

DATED: March 6, 2012.

_____
UNITED STATES DISTRICT JUDGE

4