UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURETEC INS. CO., | No. 2:11-cv-2813 KJM AC |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| BRC CONSTRUCTION, INC., et al., | |
| Defendants. | |

Pending before the court is plaintiff's May 3, 2013 motion for default judgment. This matter has been submitted on the record and briefs on file. On review of the motion and the documents filed in support, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]

1. <u>Facts Underlying Litigation</u>

In a complaint filed October 24, 2011, plaintiff alleged that it issued a surety bond to defendants in connection with various construction projects; that under the General Agreement of Indemnity, defendants agreed to indemnify plaintiff for losses, including attorney's fees incurred by reason of defendants' failure to comply with the terms of the indemnity agreement; that defendant BRC was unable to complete the bonded projects without plaintiff's assistance; and

---

[1] This factual and procedural background is reproduced here from the Honorable Kimberly J. Mueller's October 22, 2012 order denying plaintiff's motion for attorneys' fees. ECF No. 27.

1

1  that plaintiff incurred losses as the result of providing financial assistance.  The complaint
2  included causes of action for breach of contract, quia timet, specific performance, declaratory
3  relief, and statutory reimbursement.  ECF No. 1.

4  2.    Procedural Background

5  On May 9, 2012, SureTec secured the entry of default against both defendants.  ECF Nos.
6  7, 9, 16-17.  On July 26, 2012, it filed an application for the entry of default judgment by the clerk
7  under Rule 55(b)(1) of the Federal Rules of Civil Procedure.  ECF No. 20.  Plaintiff alleged that it
8  sought judgment for a sum certain owed to it as the result of a contract claim and this sum was
9  $505,147.77, which was the total of "paid claims, consultant fees, and attorneys' fees and costs"
10 incurred in connection with plaintiff's undertaking on the bonds.  ECF No. 22-1 ¶ 16.  In the
11 proposed order, plaintiff asked for judgment in the amount of $505,984.67, which was comprised
12 of $413,255.56 in money damages and $92,729.11 in attorneys' fees and expenses.  ECF No. 22-
13 4 ¶ 1.  The Clerk declined to enter a default judgment as to the attorneys' fees, directing plaintiff
14 to file an application and motion for fees, but did enter judgment in the amount of $413,255.56
15 against defendants.  ECF Nos. 21, 23.

16 On August 1, 2012, as directed by the Clerk of Court, plaintiff filed a motion for
17 attorneys' fees seeking an award of $92,729.11 in fees and costs incurred in relation to its
18 undertaking under the bonds.  In denying this motion, the Honorable Kimberly J. Mueller
19 determined that, because the requested fees are part of the damages plaintiff sought in connection
20 with the complaint, plaintiff should present its request in a motion for default judgment.  Fed. R.
21 Civ. P.  55(b)(2); Local Rule 302(c)(19).

22 Plaintiff has now filed an amended application for default judgment focusing solely on its
23 request for attorneys' fees in the amount of $92,729.11.  This motion is brought pursuant to
24 Federal Rule of Civil Procedure 55(b)(2) and seeks to amend the July 30, 2012 entry of default
25 judgment against the defendants to include attorneys' fees.

26                                    LEGAL STANDARDS

27 It is preferable to decide cases on their merits, but when a party refuses to litigate and
28 default has been entered, Rule 55(b)(2) allows a court, in its discretion, to enter default judgment

against a defendant. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980).  Several factors enter into a court's discretionary decision whether to enter default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Rule 54(c) governs the scope of relief granted, which in the case of a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

## DISCUSSION

In this case, the Clerk of Court has already entered judgment in plaintiff's favor for $413,255.56 in damages that arose from defendants' breach of contract.  Accordingly, the court will focus its analysis here on plaintiff's request for amendment of the default judgment to add attorneys' fees.

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees."  <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 883 (9th Cir. 2000).  Reasonable attorney's fees and costs are available to the prevailing party in a contract action.  Cal. Civ. Code § 1717.  The trial court has broad authority to determine the amount of a reasonable fee.  <u>PLCM Group v. Drexler</u>, 22 Cal. 4th 1085, 1095 (Cal. 2000).  Allowable costs are those available under California Civil Code Section 1033.5, unless parties provide evidence that some contractual provision has expanded the statutory definition.  <u>Hsu v. Semiconductor Sys., Inc.</u>, 126 Cal. App. 4th 1330, 1341 (Cal. Ct. App. 2005).  "Allowable costs shall be reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation."  Cal. Civ. Code § 1033.5(c)(2).

Pursuant to the general indemnity agreement between plaintiff and defendants, defendants agreed to indemnify plaintiff for reasonable attorneys' fees and costs:

> The Indemnitors shall indemnify and save [SureTec] the Company harmless from and against every claim, demand, liability, cost, loss, charge, suit, judgment, ward, fine, penalty, and expense which

3

> [SureTec] may pay, suffer, or incur in consequence of having executed, delivered, or procured the execution of such bonds, or any renewals or continuances thereof or substitute therefore, including, but not limited to, court costs, mediation and facilitation fees and expenses, fees and expenses of attorneys, accountants, adjusters, inspectors, experts, and consultants, whether on salary, retainer, in-house, or otherwise, and the expense of determining liability, or procuring, or attempting to procure, release from liability, or in bringing suit or claim to enforce the obligation of any of the Indemnitors under this Agreement.

Glos Decl., Attach. ¶ 2 (ECF No. 24-1) (emphasis added).

The court has reviewed counsel's declaration and the attached billing records and finds that the fees expended in relation to the underlying breach of contract are reasonable. Plaintiff is thus entitled to $92,729.11 in attorneys' fees and costs.

Accordingly, IT IS HEREBY RECOMMENDED that the July 30, 2012 default judgment be modified (ECF No. 23) to award plaintiff $413,255.56 in damages and $92,729.11 in attorney's fees and costs, for a total award of $505,984.67.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 13, 2013

_____
UNITED STATES MAGISTRATE JUDGE

/mb;sure2813.mdj