UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURETEC INS. CO., | No. 2:11-cv-2813 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| BRC CONSTRUCTION, INC., et al., | |
| Defendants. | |

On May 3, 2013, plaintiff filed a motion for default judgment, seeking to amend a prior default judgment entered in this case. *See* ECF No. 22. The matter was referred to the magistrate judge assigned to this case under Local Rule 72-302(c)(19).

On June 13, 2013, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice to the parties that any objections to the findings and recommendations were to be filed within fourteen days. No objections to the findings and recommendations have been filed.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the file, the court declines to adopt the findings and recommendations.

/////

1

As the magistrate judge recognized, plaintiff is entitled to attorneys' fees under California Civil Code §1717 for the breach of contract claim. In California, "the fee setting inquiry . . . ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Grp., Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). In calculating the hours reasonably expended, a court should not include "'padding' in the form of inefficient or duplicative efforts." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). In determining the reasonable hourly rate, the court should adopt "that prevailing in the community for similar work." *PLCM*, 22 Cal. 4th at 1995; *Sunstone Behavioral Health Inc. v. Alameda Cnty. Med. Ctr.*, 646 F. Supp. 2d 1206, 1213 (2009).

Here, plaintiff has not presented any information on the prevailing rate for attorneys engaged in similar litigation in the Sacramento division of the Eastern District of California. Except for the $315 an hour rate by partner Rebecca S. Glos, plaintiff has not even disclosed the billing rates for the attorneys and staff who worked on the matter. The prevailing rate in this district has been found by one judge of the court to be in the range of $250-$275 an hour, for debt collection and similar litigation. *See Scott v. Kelkris Assoc., Inc.*, No. CIV. 2:10–1654 WBS DAD, 2012 WL 1131360, at *5 (E.D. Cal. Mar. 29, 2012). This court has applied the top end of this range if the record provides no grounds for a higher rate. *See, e.g., Broadcast Music, Inc. v. Antigua Cantina & Grill, LLC,* No. CIV. 2:12–1196 KJM DAD, 2013 WL 2244641 (E.D. Cal. May 21, 2013). Although the rate may be adjusted based on any number of factors, counsel here has presented nothing justifying a higher rate.

Additionally, plaintiff has not provided any information about the number of total hours billed, or the number of hours billed by each attorney or staff member. Without this information, the court is unable to evaluate whether the hours were reasonably expended toward this litigation.

The court therefore declines to adopt the magistrate judge's recommended award as to fees, while providing counsel an opportunity to respond to the court's concern.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 13, 2013, are not adopted;
2. Plaintiff's request for an amended default judgment is denied; and

3. Counsel may submit any supplemental justification with respect to their request for fees and costs to the undersigned within twenty-one days of the filed date of this order.

DATED: August 30, 2013.

_____
UNITED STATES DISTRICT JUDGE