UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURETEC INS. COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BRC CONSTRUCTION, INC., et al.,<br><br>Defendants. | No.  2:11-cv-2813 KJM AC<br><br><br><br>ORDER |

Plaintiff Suretec Insurance Company's application for attorneys' fees is currently pending before the court.  After considering the supplemental information provided by plaintiff, the court DENIES the request without prejudice.  It is the fee applicant's burden to establish its entitlement to a fee award, and plaintiff has again failed to meet its burden.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (noting the burden and observing that "[a] request for attorney's fees should not result in a second major litigation"); *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 915 F. Supp. 2d 1179, 1188 (D. Nev. 2013) (party seeking fees bears the burden of establishing entitlement to fees by providing evidentiary support, recognizing the court may reduce an award based on inadequate documentation of hours or rates requested).

I.  BACKGROUND

On October 24, 2011 Suretec Insurance Company ("plaintiff" or "Suretec") filed suit against BRC Construction ("BRC") and Barry Dean Patrick ("Patrick").  The complaint

1

1  alleges that in 2008, Patrick's father Roger Patrick asked Suretec to issue surety bonds in
2  connection with BRC's construction projects in California. Compl., ECF No. 1 ¶ 8. Roger
3  Patrick executed a General Agreement of Indemnity ("GIA") individually and on behalf of BRC.
4  *Id.* ¶ 9. When Roger Patrick died in 2009, Patrick assumed management and control of BRC and
5  executed Rider "A" to the GIA, agreeing to be added as one of the indemnitors under the GIA for
6  present and future bonds Suretec issued to BRC. *Id.* ¶¶ 11-13. Under the GIA, the indemnitors
7  are in default if they fail to pay amounts due under the GIA; abandon, forfeit or breach a bonded
8  obligation; breach any bond; or make Suretec unsure of indemnitors willingness or ability to
9  perform under the bonds. *Id.* ¶ 19.
10        As a result of BRC's financial difficulties, Suretec made payments of
11  approximately $487,810.55 under Performance Bond No. 4361907 and $253,029.57 under
12  Performance Bond No. 4373831. *Id.* ¶ 15.
13        In September 2011, Suretec asked the indemnitors to post cash or collateral in the
14  amount of $785,000, but they failed to do so. *Id.* ¶¶ 22-23.
15        The complaint asserted four causes of action: (1) breach of contract;
16  (2) quia timet; (3) specific performance of indemnity; and (4) declaratory relief.  In connection
17  with the breach of contract claim, plaintiff alleged defendants breached the GIA by abandoning a
18  bonded contract, breaching a bond issued by plaintiff, and causing plaintiff to become unsure of
19  defendants' willingness or ability to perform their obligations under the GIA. *Id.* ¶ 37. It also
20  alleged it retained counsel to prosecute the instant action and so under the terms of the GIA it is
21  entitled to an award of its attorneys' fees, costs and expenses. *Id.* ¶ 39.
22        On January 24, 2012, the clerk entered default against BRC on plaintiff's request.
23  ECF Nos. 7-9.
24        On March 7, 2012, the court granted plaintiff's request to serve Patrick by
25  publication and to extend the time to complete service. ECF Nos. 10-11, 14.
26        On May 8, 2012, plaintiff filed a request for an entry of default as to Patrick and
27  the clerk entered the default the following day. ECF Nos. 16-17.
28  /////

On July 26, 2012, plaintiff filed an application for the clerk's entry of default judgment against defendants. ECF No. 20. The clerk declined, as the application included a request for attorneys' fees, and informed counsel to file a new application and a separate motion for attorneys' fees. ECF Nos. 20, 21.

On July 27, 2012, plaintiff filed an application for the clerk to enter a default judgment in the amount of $413,255.56; the clerk entered the judgment on July 30, 2012. ECF Nos. 22-23.

Thereafter plaintiff filed a motion for attorneys' fees, which the court denied without prejudice, stating the request for fees should have been included with a motion for a default judgment. ECF Nos. 24, 27.

Plaintiff filed a motion for default judgment on May 3, 2013. ECF No. 31. On June 13, 2013, the magistrate judge recommended that the default judgment be modified to award plaintiff $413,255.56 in damages and $92,729.11 in attorney's fees and costs. ECF No. 36.

On August 30, 2013, this court declined to adopt the findings and recommendations but permitted counsel to provide supplemental justification for the request for fees and costs. ECF No. 37.

On September 18, 2013, plaintiff submitted additional information, claiming fees from 2009 through 2013, supported by over a hundred pages of billing records. ECF No. 38. Rebecca Glos, partner with Watt, Tieder, Hoffar & Fitzgerald, LLP ("WTHF"), has provided a declaration describing her experience and that of Robert Niesley, the senior partner who supervised her, and providing billing rates for the attorneys and paralegals who participated in WTHF's representation of Suretec. Decl. of Rebecca Glos, ECF No. 38 ¶¶ 6, 10. Glos avers plaintiff is entitled to reimbursement for attorneys' fees it paid "in connection with: (a) issuing the performance and payment bond on behalf of . . . BRC CONSTRUCTION, INC. . . . ; and (b) enforcing its indemnity obligations against BRC and . . . PATRICK . . . ." ECF No. 38 ¶ 9.

II. ANALYSIS

When state law governs a claim, it also governs the award of attorneys' fees. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). As the underlying breach of

contract claim is a state law claim, this court must apply California law on attorneys' fees. *Id*.; *Doan v. Singh*, No. 1:13-cv-00531 LJO-SMS, 2013 WL 5718720, at *3 (E.D. Cal. Oct. 18, 2013) (stating that federal courts apply state law in determining an attorneys' fee award in an action on a contract); *Pedraza v. Alameda Unified Sch. Dist*., No. C 05-4977 CW, 2012 WL 1029523, at *5 (N.D. Cal. Mar. 26, 2012) (recovery under an indemnity provision is a state law claim). Here, the breach of contract arose from defendants' failure to abide by the terms of their indemnity agreement with plaintiff.

In California, "[u]nless authorized by statute or agreement, attorney's fees ordinarily are not recoverable as costs." *Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 127 (1979); *Sami v. Wells Fargo Bank*, No. C 12–00108 DMR, 2012 WL 3204194, at *1 (N.D. Cal. Aug. 3, 2012). Although plaintiff does not say so explicitly, it appears it is seeking fees under two different clauses of the indemnity agreement, which provides in relevant part:

> The Indemnitors shall indemnify and save the Company harmless from and against every claim, demand, liability, cost, loss, charge, suit, judgment, award, fine, penalty, and expense which the Company may pay, suffer, or incur in consequence of having executed, delivered, or procured the execution of such bonds . . . including but not limited to, court costs, mediation and facilitation fees and expenses, fees and expenses of attorneys . . . whether on salary, retainer, in-house, or otherwise, and the expense of determining liability or procuring, or attempting to procure, release from liability, or in bringing suit or claim to enforce the obligation of any of the Indemnitors under this Agreement.

ECF No. 1 at 18.[1]

Under California Civil Code section 2778, subdivision 3, "[a]n indemnity against claims, or demands, or liability, expressly, or in other equivalent terms, embraces the cost of defense against such claims, demands, or liability incurred in good faith, and in the exercise of a

---

[1] "Indemnity" is "the obligation resting on one party to make good a loss or damage another party has incurred." *Rossmoor Sanitation, Inc. v. Pylon, Inc*., 13 Cal. 3d 622, 628 (1975). The indemnitor is the party obligated to pay another, while the indemnitee is the party entitled to receive payment from the indemnitor. *Maryland Cas. Co. v. Bailey & Sons, Inc*., 35 Cal. App. 4th 856, 864 (1995). "Indemnity generally refers to third party claims." *Zalkind v. Ceradyne, Inc*., 194 Cal. App. 4th 1010, 1024 (2011). And "[a] clause which contains the words 'indemnify' and 'hold harmless' is an indemnity clause which generally obligates the indemnitor to reimburse the indemnitee for any damages the indemnitee becomes obligated to pay to third persons." *Myers Building Indus. v. Interface Tech., Inc*., 13 Cal. App. 4th 949, 969 (1993).

reasonable discretion." California courts have found this provision to cover attorneys' fees as an item of loss or expense within the scope of the indemnity. *Baldwin Builders v. Coast Plastering Corp.*, 125 Cal. App. 4th 1339, 1334 (2005). Courts however do not find such provisions to cover attorneys' fees arising from actions to enforce the indemnity agreement, but rather approve such fees only "where the contractual provision of an indemnity agreement explicitly provides for attorneys' fees arising from the enforcement of the contract itself . . . ." *Int'l Fid. Ins. Co v. Draeger Constr., Inc.*, No. 10-CV-04398-LHK, 2012 WL 424994, at *4 (N.D. Cal. Feb. 8, 2012) (citing *Baldwin Builders* 125 Cal. App. 4th at 1344 (2005)); *Continental Heller Corp. v. Amtech Mech. Servs., Inc.*, 53 Cal. App. 4th 500, 504, 508 (1997). If the contract so provides, the fee provision is governed by California Civil Code section 1717, which provides for fees in an action based on contract when the party seeking the fees is the prevailing party and the fees sought are reasonable. *Id*. The contract in this case includes provisions for recovery of fees as costs stemming from the indemnity and for fees for an action to enforce the indemnity agreement.

A. Fees as an Item of Loss under the Indemnity Contract

Although California Civil Code section 2778 provides some special rules for interpreting indemnity agreements, ordinary principles of contract interpretation also apply. *Crawford v. Weather Shield Mfg., Inc.*, 44 Cal. 4th 541, 552 (2008). The goal of contract interpretation is to give effect to the intent of the parties based on the writing, which governs if it is clear and explicit. *Foster-Gardner, Inc. v. Nat'l Union Fire Ins. Co.*, 18 Cal. 4th 857, 868 (1998).

The indemnity provision at issue here provides the indemnitor shall be liable for costs, including attorneys' fees, that Suretec incurred "in consequence of having executed, delivered, or procured the execution of such bonds." "Consequence" means "a result or effect." COMPACT OXFORD ENGLISH DICTIONARY 236 (3d ed. 2003). The billing records, however, suggest that plaintiff is claiming costs for "draft[ing] addendum to indemnity agreement" and "review[ing] and analyz[ing] general indemnity agreements, bonds and correspondence from client regarding open projects," for example, which do not suggest fees generated as the result of loss resulting from the execution of the bonds. ECF No. 38-1 at 3 (Niesley entry of 9/29/09; Glos

5

1   entry of 9/17/09).  There is reference to "trapping letters" with no explanation to this generalist
2   court what these letters are and how their preparation could be considered as supporting fees
3   incurred in good faith as the result of the execution of the indemnity bonds in this case.  *See, e.g.,*
4   ECF No. 38-1 at 3 (Glos entry of 9/23/09), 7 (Niesley entry of 10/9/09).

5         Moreover, some of the entries about trapping letters and about other matters refer
6   to entities other than the Deuel Vocational Institution (DVI) project referenced in Suretec's
7   records submitted with the application for the default judgment.  *See, e.g., Id.* at 4 (Glos entry of
8   9/29/09, referring to call to someone on UC Davis project regarding trapping letter), 21, 22 (Glos
9   entries of 1/6/10 and 1/14/10 referring to liquidated damages on UC Davis project and bond
10  claims on UC Davis project), 30 (Glos entry of 3/17/10 regarding meeting with UC Davis to
11  discuss liquidated damages), 70 (Glos entry of 1/11/11 mentioning a Modesto project), 81 (Glos
12  entry of 4/29/11 mentioning a bond payment on the Modesto project); ECF No. 22-2 at 16 (identifying
13  project as "Deuel Vocational Institution").  Additional entries mention probate and the "deceased
14  indemnitor," presumably Roger Patrick, with no explanation whether this was merely in
15  contemplation of problems with the bond or in response to defaults.  *See, e.g.,* ECF No. 38-1 at 4
16  (Tobar entry of 9/28/09).  The records contain many entries about RGW and its claim of
17  liquidated damage and the drafting of a complaint against RGW, with no attempt to explain the
18  connection between this entity and litigation against it and the indemnity agreement for the DVI
19  project.  *See, e.g.*, ECF No. 38-1 at 25 (Glos entry of 2/22/10 re: RGW's claim of liquidated
20  damages), 38 (Glos entry of 5/18/10 regarding correspondence from RGW about liquidated
21  damages), 78 (Mackay entry of 3/24/11 regarding preparation of complaint against RGW), 90
22  (Glos entry of 7/21/11 mentioning a complaint against RGW and the State), 105 (Glos entry of
23  11/2/11 regarding RGW and mediation).  On this record, with the unexplained batch of billing
24  records, this court cannot as required by the statute determine whether the claimed fees were
25  "incurred in good faith, and in the exercise of a reasonable discretion."

26    B.  Fees for the Breach of Contract Action

27        In California, "the fee setting inquiry . . . ordinarily begins with the 'lodestar,' i.e.,
28  the number of hours reasonably expended multiplied by the reasonable hourly rate."  *PLCM Grp.,*

1 *Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000).  In calculating the hours reasonably expended, a
2 court should not include "'padding' in the form of inefficient or duplicative efforts." *Ketchum v.*
3 *Moses*, 24 Cal. 4th 1122, 1132 (2001).  In determining the reasonable hourly rate, the court
4 should adopt "that prevailing in the community for similar work." *PLCM*, 22 Cal. 4th at 1995;
5 *Sunstone Behavioral Health Inc. v. Alameda Cnty. Med. Ctr.*, 646 F. Supp. 2d 1206, 1213 (E.D.
6 Cal. 2009).

7      Counsel has explained her background and her firms' expertise and billing rates, but has
8 presented nothing about the prevailing rates for construction litigation in the Sacramento Division
9 of the Eastern District of California or addressed the other factors relevant to the calculation of
10 reasonable fees.  She similarly has not provided any information on the reasonable hourly rate for
11 paralegals in this district; the court notes, however, that several judges of this court have found
12 $75 an hour to be reasonable.  *Schultz v. Ichimoto*, No. 1:08–CV–526–OWW–SMS, 2010 WL
13 3504781, at *8 (E.D. Cal. Sep. 7, 2010); *Yeager v. Bowlin*, No. 2:08-cv-102 WBS JFM, 2010 WL
14 2303273, at *6 (E. D. Cal. June 7, 2010), *aff'd* 495 F. App'x 780 (9th Cir. 2012).

15      Moreover, because plaintiff has presented all the billing records in a single exhibit
16 it is difficult to determine which fees apply to the preparation and litigation of this action.  The
17 court can surmise that research on the minimum contacts rule for suing an out-of-state defendant
18 may relate to the suit against Patrick, who is alleged to have moved to Alabama.  *See* ECF
19 No. 38-1 at 98 (Glos entry of 9/19/11).  There are also clear references to drafting the complaint
20 in the instant matter.  *Id*. (Glos entry of 9/22/11).  But these are interspersed with references to
21 mediation with RGW and to other projects, none of which appear to have anything to do with the
22 suit for breach of contract in this case.  ECF No. 38-1 at 105 (Glos entries of 11/2/11 regarding
23 mediation and 11/22/11 regarding correspondence about the Modesto project).  Moreover, some
24 portions of claimed fees do not appear reasonable without further explanation.  ECF No. 138-1 at
25 131 (Glos entry for 7/31/12 for preparation of motion and memorandum regarding fees), 138
26 (Glos entry claiming .2 hours for reviewing a minute order), 150 (Glos entry of 6/11/13 for
27 preparation of motion for default judgment, which dealt only with attorneys' fees).  On this
28 /////

record, plaintiff has not borne its burden of demonstrating its entitlement to fees or the reasonableness of any fees claimed.

        IT IS THEREFORE ORDERED that the motion for an amended default judgment is denied without prejudice.

Dated:  November 26, 2013.

_____
UNITED STATES DISTRICT JUDGE